UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE McDANIEL,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES, et al.,<br><br>Defendants. | No. 2:15-cv-1114 MCE DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Tanya McDaniel is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

1  Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
2  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
3  state a claim on which relief may be granted, or seeks monetary relief against an immune
4  defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
5  arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
6  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
7  complaint as frivolous where it is based on an indisputably meritless legal theory or where the
8  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
true the material allegations in the complaint and construes the allegations in the light most
favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint is deficient in at least two respects.  First, the complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, in the complaint's "FACTS," section plaintiff alleges as follows.  "On or before November 22, 2014," defendant "LC Channel," was "[h]osting terrorist conversations . . . . [d]eclaring a Scandalous game of sorts that is not a game; is in fact terrorism." (Compl. (Dkt. No.

1) at 3.)  Plaintiff has "been extremely emotionally and mentally; socially; and otherwise abused from such Scandal."  (Id.)  "Plaintiff has recorded evidence of such terrorist verbage (sic); declaring holy wars and trying so called 'game.'"  (Id.)  Defendant also made "references to spying on citizens and violating their privacy rights," as well as "Nazi's and Isis."  (Id.)  Based on these allegations, plaintiff seeks $1,500,000,000,000 in "damages" and $3,300,000,000,000,000 in punitive damages.  (Id. at 6.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Second, the complaint purports to assert causes of action for the intentional infliction of emotional distress, harassment, negligence and treason, all pursuant to 42 U.S.C. § 1983.  However, to state a cognizable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ."  West v. Atkins, 487 U.S. 42, 48 (1988).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996)).  Moreover, the undersigned notes that "no private right of action exists for the crime of treason . . . ."  Rodriguez v. Doe, No. 3:12-cv-0663-JAG, 2013 WL 1561012, at *5 (E.D. Va. Apr. 12, 2013).

For all of the reasons set forth above, plaintiff's complaint should therefore be dismissed.

/////

/////

LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend her pleading to state a meritorious claim over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and the nature of plaintiff's allegations, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 22, 2015 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2. Plaintiff's May 22, 2015 complaint (Dkt. No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\mcdaniel1114.ifp.den.f&rs.docx